UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

<u>**NOT FOR PUBLICATION**</u>

| | |
|---|---|
| ROSELLI TRADING COMPANY : | Civil Action No. 10-682-ES-SCM |
| Plaintiff, : | **OPINION & ORDER** |
| v. : | |
| AMERICANA WORLDWIDE : and DIRECT CONNECTION TRANSPORTATION CO. : | |
| Defendants. : | |

This matter came before the Court on the informal motion of defendant Americana Worldwide ("Defendant") [D.E. 73] for leave to file a motion to strike the Amended Complaint [D.E. 72] filed by plaintiff Roselli Trading Company's ("Plaintiff"). For the reasons set forth herein, Defendant's informal motion is likely to be mooted by Plaintiff filing a pleading that conforms with the Court's prior ruling.

**I. Background**

I shall rely upon the facts set forth in the Honorable Cathy L. Waldor, U.S.M.J.'s Opinion and Order dated December 18, 2012. (D.E. 71). Defendant is a broker of freight transportation services. (Motion at ¶4). Co-defendant Direct Connection Transportation Co. ("Co-defendant") provides freight transportation services. (First Amended Compl. at ¶4).

In April 2008, Defendant solicited business from Plaintiff and other parties that were scheduled to exhibit goods at a trade show in Las Vegas, Nevada. (First Amended Compl. at ¶6). Plaintiff contracted with Defendant for transportation of display goods to a trade show in

Las Vegas, Nevada.  (Id. at ¶10).  Defendant in turn subcontracted the shipment of Plaintiff's goods to Co-defendant.  (Id. at ¶11).  Defendant neither represented itself as a broker of transportation services nor advised Plaintiff that Co-defendant would provide such services.  (Id. at ¶9).  Defendant had knowledge of shipping difficulties on May 9, 2008, four days prior to the scheduled delivery date, May 13, 2008.  (Id. at ¶20).  Defendants' failure to notify Plaintiff of the missing goods prevented Plaintiff from arranging for shipment of other goods to the trade show.  (Id. at ¶50).  On May 14, 2008, Defendant advised Plaintiff that Defendant was in fact a broker, Co-defendant was delivering the shipment, and Defendant had no knowledge of the shipment's location.  (Id. at ¶22).  Defendant also informed Plaintiff that the truck broke down in Yucca, Arizona, but refused to permit Plaintiff to send another vehicle to recover the goods.  (Id. at ¶23–24).  Direct eventually delivered goods on May 17, 2008, four days after the scheduled delivery and too late to be displayed at the trade show (Id. at ¶27).

On March 16, 2009, Plaintiff filed a complaint against Defendants in United States District Court, Eastern District of New York, alleging a violation of the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. 11707, and state law claims for negligence and breach of contract.  On August 31, 2009, the case was transferred to the District of New Jersey.

On March 14, 2012, oral argument on Defendant's motion for summary judgment was held before the Honorable Esther Salas, U.S.D.J.  On March 19, 2012, Judge Salas granted Defendant's motion for summary judgment and dismissed the federal claim, and denied summary judgment on the contract and negligence claims.  The Court granted Plaintiff leave to file a motion to amend the complaint.

On December 18, 2012, Judge Waldor granted Plaintiff's Motion to Amend regarding the contract claims against Americana Worldwide, DENIED without Prejudice regarding Special or Consequential Damages, and DENIED regarding all other claims against both defendants. Judge Waldor directed Plaintiff to file its amended complaint in conformity with the above ruling within 20 days. Plaintiff was also granted leave to file a second motion to amend to the extent it can remedy any deficiency noted by Judge Waldor.

Plaintiff did not move for reconsideration or move to amend its pleading, instead Plaintiff filed the at-issue pleading on January 4, 2013. (D.E. 72). Having reviewed the at-issue pleading, I first note that it includes allegations that were not included in the proposed pleading docketed at D.E. 63-1 which was submitted to Judge Waldor for review as required by Local Civil Rule 7.1(f). The pleading therefore violates Local Civil Rule 7.1(f). Second, the pleading also includes claims and allegations that Judge Waldor rejected as futile.

During oral argument on the request for leave to file a motion, the Court supplied both counsel with a redacted copy of the D.E. 63-1 proposal which represents the Court's interpretation of Judge Waldor's ruling and the version of the pleading which should have been filed by Plaintiff. Counsel for Plaintiff then requested leave to file that version as its proposed Amended Complaint.

For the foregoing reasons, and good cause shown,

IT IS on this 2nd day of May 2013,

**ORDERED** that Plaintiff has leave to file the redacted copy of the D.E. 63-1 proposal as its Amended Complaint by May 9, 2013; and it is further

**ORDERED** that by May 9, 2013, Plaintiff shall also serve Defendant with a proposed Second Amended Complaint and a redlined (or track changes) exhibit that underscores or highlights the changes between the Amended Complaint to be filed by May 9, 2013 and the proposed Second Amended Complaint; and it is further

**ORDERED** that Defendant will have 7 days to review the proposed Second Amended Complaint and advise Plaintiff whether the pleading can be submitted to the Court on consent.  If it can be submitted on consent, Plaintiff will have 7 days to file the proposal and proposed order with the Court.  Otherwise, if there is no consent, Plaintiff will have 10 day's leave to file its motion to amend with the redlined (or track changes) version of the proposed pleading as an exhibit to the application.  Any such motion shall comply with L. Civ. R. 7.1(f).



*Steve C. Mannion*
Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

5/2/2013 5:16:52 PM

Date: May 2, 2013

4